IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | Case No. 2:19-mj-393 |
|---|---|
| Plaintiff, | |
| vs. | ORDER GRANTING MOTION FOR PROTECTIVE ORDER |
| SCOTT BRIAN HAVEN, | Hon. Paul M. Warner<br>Chief United States Magistrate Judge |
| Defendant. | |

After reading the Motion for Protective Order filed by the United States of America, the Court finds that a protective order is necessary and appropriate in this case to prevent harmful disclosure of the personal identifying information of various individuals, while still preserving the defendants' right to a fair trial and meaningful discovery. Pursuant to the Court's authority under Federal Rule of Criminal Procedure 16(d)(l), it is hereby ordered:

1.  That the United States provide the defendant and his counsel with un-redacted discovery in this matter including documents and recordings that contain the personal identifying information of third parties, including witnesses and subjects, except for the narrow categories of information in FBI documents related to databases, utilized techniques, and methods and means. If there are other categories of information that need to be redacted, the parties should work together to address these issues.

2.  The un-redacted discovery produced pursuant to this order shall not be disclosed or made available for inspection or copying to any person, other than as permitted in Paragraph 3.

3. Un-redacted discovery provided pursuant to this order may be further disclosed to the following people: (a) defendant and his counsel; (b) associates, secretaries, paralegals, private investigators, forensic accountants and other employees or independent contractors of such attorneys to the extent necessary to render professional services in this criminal prosecution; and (c) court officials involved in this case.

4. Persons obtaining access to the un-redacted discovery produced pursuant to this order shall use the information only for the preparation and conduct of this criminal trial, and any connected hearings, appeals, or motions for post-conviction relief. No information disclosed pursuant to this order shall be used for any other purpose or any other proceeding.

5. Defendant, his attorneys, and all other individuals or entities who receive materials in this case are prohibited from directly or indirectly providing access to, or otherwise disclosing the contents of, these materials to anyone not working on the defense of this criminal case, or otherwise making use of the materials in a manner unrelated to the defense of this criminal case. Authorized use of materials related to the defense of this criminal case shall include showing and discussing such materials with government and defense witnesses.

6. Counsel for the defendant shall not leave copies of any discovery with the defendant while he is incarcerated.

7. Defendants and their attorney are required to give a copy of this protective order to all individuals or entities engaged or consulted by defense counsel in preparation of the trial in this case. A knowing and willful violation of this protective order by the defendants, their attorneys, or others may result in contempt of court proceedings or other civil or criminal sanctions.

8.   Within 90 days of the conclusion of this case, all discovery produced pursuant to this order and all copies thereof (other than exhibits of the court) shall be returned to the United States Attorney's Office.  Alternatively, counsel for the defendants may inform the United States Attorney's Office in writing that all such copies have been destroyed.

9.   Counsel for the defendants are responsible for employing reasonable measures to control duplication of, and access to, the un-redacted discovery.

10.   The provisions of this order governing disclosure and use of the personal identifiers and discovery shall not terminate at the conclusion of this criminal prosecution.

Signed this ___5th___ day of June, 2019.

_____
Hon. Paul M. Warner
Chief United States Magistrate Judge