MARK R. MOFFAT (#5112)
Attorney for Defendant
BROWN, BRADSHAW & MOFFAT, LLP
422 North 300 West
Salt Lake City, Utah 84103
Telephone: (801) 532-5297
Facsimile: (801) 532-5298
Email: mark@brownbradshaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| UNITED STATES OF AMERICA, | 1:19-cr-00060-CW |
|---|---|
| Plaintiff, | ORDER CONTINUING JURY TRIAL AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT |
| v. | |
| SCOTT BRIAN HAVEN, | Judge Clark Waddoups |
| Defendant. | |

Based upon the Stipulated Motion of the Defendant, the court makes the following findings:

1. Scott Haven was charged by way of an indictment filed on June 12, 2019 with one count of Interstate Transmissions of Threats to Injure, pursuant to 18 U.S.C ᴄ 875(c). (Doc.11). Mr. Haven appeared for an Initial Appearance/Arraignment/Pretrial Conference before United States Magistrate Judge Paul M. Warner on June 13, 2019 and a three day jury trial was set to commence within 70 days on August 16, 2019. (Doc.17).

2. This is the first requested continuance in this case.

3. The trial in this matter is currently set to begin on August 16, 2019. (Doc.17).

4. The Defendant requests a continuance under 18 U.S.C. § 3161(h)(7), and asserts

that the time requested is excluded under the Speedy Trial Act since the failure to grant such a continuance would deny the defendant the reasonable time necessary for effective preparation. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

    a. Counsel has initiated an investigation of the facts and mitigation in this matter. Those efforts include a mental health evaluation that is, as of yet, incomplete. The evaluation has been delayed as counsel awaits the production of medical records.

  5. Due to the time necessary to properly evaluate the current state of Mr. Haven's mental health and to complete ongoing investigations, counsel respectfully requests a continuance of 120 days.

  6. The Defendant, Scott Brian Haven, has been advised of his constitutional right to a speedy trial under the Sixth Amendment, as well as his statutory right to a speedy trial under the Speedy Trial Act, and by and through Counsel herein, agrees to waive his speedy trial rights in order for Counsel to investigate Mr. Haven's medical history; to further engage in plea negotiations; and to be adequately prepared in the defense of this matter.

  7. Counsel has discussed this request with Assistant U.S. Attorney Jennifer Gully who stipulates to this request.

  Based on the foregoing findings, the court concludes that the failure to grant a continuance of the trial would deny the defendant the reasonable time necessary for effectively and properly preparing for trial, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv). Thus, the ends of justice served by a continuance outweigh the best interests of the public and the defendants in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A). Accordingly, it

is hereby ORDERED that the jury trial date of August 16, 2019, is stricken and that the matter is reset for trial on December 13, 2019, at 8:30 a.m. It is further ORDERED that the intervening time between the date of this order and the newly fixed trial date is excluded under the Speedy Trial Act, 18 U.S.C. §3161(h)(7)(A) and (B).

BY THE COURT:

_____
CLARK WADDOUPS
U.S. District Court Judge