Scott Brian Haven
Name
446 East 1800 South
Address
Kaysville, UT 84037
City, State, Zip
801-637-6417
Phone
mrsthaven@gmail.com
Email

FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

FEB 21 2023

GARY P. SERDAR
CLERK OF COURT
BY_____
DEPUTY CLERK

**Check your email.** You will receive information and documents at this email address.

I am  [ X ] Defendant     [ ] Defendant/Respondent's Attorney  (Utah Bar #:_____)

In the  [ X ] District   [ ] Justice   Court of Utah

____3rd____ Judicial District __Salt Lake__ County

Court Address  450 S. State St. P.O. Box 1860, Salt Lake City, UT 84114-1860

____USA____
Plaintiff

v.

__Scott Brian Haven__
Defendant

**Motion to Reduce Conviction**
(Utah Code 76-3-402(3))

[ ] Hearing Requested

1:19-CR-00060-CW
Case Number

Clark Waddoups
Judge

1. I ask the court to enter an order reducing my conviction by: (Check all that apply.)

    [ X ]   one degree from  __3rd degree felony__  (degree of conviction) to
    __Class A Misdemeanor__  (degree of conviction you want ordered)

    [ X ]   two degrees from  __3rd degree felony__  (degree of conviction) to
    __Class B Misdemeanor__  (degree of conviction you want ordered)
    if the prosecuting attorney specifically agrees in writing or on the court record that the offense may be reduced by two degrees.

2. I ask that my conviction be reduced because:
    My hope in having the charge of felony reduced is so I can maintain a job without the worry of losing it, as referred to in my letter to the court. I would also like to be able to apply for jobs that currently don't hire applicants with a felony record. I've

      been working since I was 12 and have always felt the need to work and be financially productive. I am now 58 and want to work and save more for retirement, and to save for serving a senior mission with my wife. I've read about travel issues to countries that are part of the United Kingdom. We hope to travel to these locations in the near future, but our goal is to serve a mission in New Zealand, which is where I served my mission in 1983-85. A reduction to misdemeanor, and future expungement, would benefit us in meeting this goal.

3.     I have successfully completed the terms of my probation or parole. (Attach any documentation that shows successful completion).

4.     I have paid in full the court-ordered restitution (if any). (Attach any documentation of payment of restitution).

5.     I believe reducing my conviction is in the interest of justice.

6.     Choose one:

    [ ]  I was required to register as a sex offender under Utah Code Title 77 Chapter 41, and the registration requirement has expired.

    [X]  I was not required to register as a sex offender under Utah Code Title 77 Chapter 41.

7.     Choose one:

    [ ]  I was required to register as a child abuse offender under Utah Code Title 77 Chapter 43, and the registration requirement has expired.

    [X]  I was not required to register as a child abuse offender under Utah Code Title 77 Chapter 43.

8.     [ ]  I request a hearing.

    [X]  I do not request a hearing.

9.     [ ]  The prosecuting attorney agrees with this motion, and I have attached the Stipulation.

I declare under criminal penalty under the law of Utah that everything stated in this document is true.

Signed at   Kaysville, Utah  _____ (city, and state or country).

February 14, 2023        Signature ▶ *Scott B Haven*
Date

                                          Printed Name   Scott Brian Haven

## Certificate of Service

I certify that I filed with the court and am serving a copy of this Motion to Reduce Conviction on the following people.

| Person's Name | Service Method | Service Address | Service Date |
|---|---|---|---|
| Jennifer Elizabeth Gully | [X] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) | Office of the United States Attorney<br>111 S. Main St. Suite 1800<br>SLC, UT 84111-2176<br>801-524-5682 | 2/14/2023 |
|  | [ ] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) |  |  |

February 14, 2023
Date

Signature ▶ *[signature]*

Printed Name  Scott Brian Haven

February 14, 2023

United States District Court
Attn: Honorable Judge Clark Waddoups
450 South State Street
P.O. Box 1860
Salt Lake City, UT 84114-1860

Re: Scott Brian Haven 1:19-CR-00060-CW

Your Honor,

Thank you for the opportunity to submit paperwork to request Motion 403, for reduced sentencing.
I'm writing this letter to request that my sentence of felony be reduced to misdemeanor before the required waiting period.

I have complied with all the conditions set forth by the court and I have successfully completed probation. I requested and received early release from probation on November 22, 2021.  (see attached early release)
An assessment fee of $100 was paid upon my release from jail.
There was no criminal history prior to this case.

I've continued to steer clear of all involvement with talk radio and politics and I no longer make calls of any kind to the Capitol switchboards or any political switchboard.

My feelings regarding politics and politicians have changed entirely and I choose to stop or leave political conversations with family, friends or anyone. I try to change these conversations to a more positive topic and it's typically a welcomed change for everyone. I've learned that there is seldom a conversation regarding politics that isn't contentious. Even if we all agree, the dialog is still negative, and I know my life is better without it.

I have learned to recognize that the opinions and rhetoric voiced on the news and talk radio is just that, negative, manipulative, deceptive rhetoric. I have no desire to get caught up in it, so I've been more selective about where I get my information. There aren't many in politics or media who want to be a positive influence these days, but I can still choose to be positive in every area of my own life.

I've been continuously employed until just recently. I was working as an UBER driver for the past year. They did a background check, accepted my application, and I started that job in November of 2021. I quickly worked my way up to Gold Level Driver and within the next several months I earned Diamond Level Driver, the highest level at UBER. After that I received an email every month notifying me that I earned "Top UBER Driver" status. I worked hard for bonuses and always maintained a high rating, receiving an average of 4.9 stars out of 5.

Nevertheless, this past November my App for driving with UBER was stopped in the middle of the day and I was unable to work. Apparently, they were doing their yearly background checks and saw that there was a felony. I've been able to speak with a supervisor at UBER but at this point, they can't hire me back. I've read up on their policy and I should be able to get hired back if I can get the felony lowered to a misdemeanor.

I don't know why the felony didn't show up a year ago, but I am grateful to have had the chance to work and prove myself on the job. They said that they appreciated my work, how dedicated I was, and my willingness to take hard-to-fill driving shifts, but they couldn't keep me on because of the felony.

My desire to receive a reduced sentence is so that I can maintain a job without the worry of losing it. I sincerely just want to be able to work and prepare for retirement. I'm a hard worker and have been working since I was 12 years old and have always felt the need to work and be financially productive. In time, if another job comes available that I'd be good at, I can apply and hire on without the felony on my record.

Please allow me to have a lesser charge of misdemeanor so that I can get back to work.

Thank you,

*Scott B Haven*

Scott Haven

**UNITED STATES PROBATION AND PRETRIAL SERVICES**
DISTRICT OF UTAH



**JEFFREY H. ROSENLUND**
CHIEF PROBATION OFFICER

**ERIC E. ANDERSON**
DEPUTY CHIEF PROBATION OFFICER

351 S WEST TEMPLE, SUITE 5.400
SALT LAKE CITY, UT 84101

OFFICE: 801.535.2700
TOLL FREE: 866.222.2585
FAX: 801.526.1136

November 22, 2021

Scott Brian Haven
446 East 1800 South
Kaysville, Utah  84037

Mr. Haven:

As indicated on the enclosed probation form, you have satisfactorily complied with the conditions of your supervision, and Chief Judge Robert J. Shelby has terminated your term of supervision early on November 22, 2021.

This will be the only notification you will receive regarding your discharge from supervision.

Best wishes for your continuing success.

Sincerely,

*Casey Hardy Franson*

Casey Hardy Franson
United States Probation Administrative Assistant

Enclosure

PROB 35                  **Report and Order Terminating Probation Prior to Original Expiration Date**

# UNITED STATES DISTRICT COURT
# for the
# DISTRICT OF UTAH

UNITED STATES OF AMERICA

v.                      Docket Number: 1:19CR00060-001-CW

Scott Brian Haven

On March 4, 2020, the above-named defendant was placed on supervised release for a period of 36 months. The defendant has complied with the rules and regulations of supervised release and is no longer in need of supervision. Accordingly, it is recommended the defendant be discharged from supervision.

Respectfully submitted,

*Casey Hardy Franson*

Casey Hardy Franson
U.S. Probation Administrative Assistant

Pursuant to the above report, it is ordered that the defendant be discharged from supervision and that the proceedings in this case be terminated.

Dated this 22nd day of November, 2021.

*Clark Waddoups*
Honorable Clark Waddoups
Senior United States District Judge

12.\

UNITED STATES PROBATION OFFICE
FOR THE DISTRICT OF UTAH

# Report on Offender Under Supervision

| | |
|---|---|
| Name of Offender: **Scott Brian Haven** | Docket Number: **1:19CR00060-001-CW** |

Name of Sentencing Judicial Officer:   **Honorable Clark Waddoups**
                                        **Senior U.S. District Judge**

Date of Original Sentence:   **March 4, 2020**
Original Offense:            **Transmission of Threats to Injure**
Original Sentence:           **Time Served/ 36 Months Supervised Release**

Type of Supervision:  **Supervised Release**          Current Supervision Began: **March 4, 2020**

## SUPERVISION SUMMARY

Pursuant to Mr. Haven's letter (attached) requesting early termination of supervision, the following is submitted for the Court's consideration. The regularly scheduled supervision expiration date is March 23, 2023.

The Guide to Judiciary Policy, Volume 8, Part E, Chapter 3, Section 360.20, sets forth general criteria in six categories for assessing whether a statutorily eligible defendant should be recommended to the Court as an appropriate candidate for early termination. The defendant appears to meet all six areas of general criteria for assessing early termination.

1. The person does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. § 994(h)) or has not committed a sex offense or engaged in terrorism;
2. The person presents no identified risk of harm to the public or victims;
3. The person is free from any court-reported violations over a 12-month period;
4. The person demonstrates the ability to lawfully self-manage beyond the period of supervision;
5. The person is in substantial compliance with all conditions of supervision; and
6. The person engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.

Mr. Haven has made very positive adjustments to supervision. He has maintained stable employment and housing throughout his supervision thus far. He has been cooperative, compliant, and responsive to Probation, reporting in detail each month as requested. He has had no known instances of non-compliance and no new arrests. All supervision conditions have been satisfied and he is viewed as a low risk to engage in future criminal activity.

On November 19, 2021, contact was made with Assistant U.S. Attorney, Jennifer Gully. Ms. Gully indicates the government has no objection and defers to the position of the Probation Office in this matter.

The U.S. Probation Office supports early termination based on the information outlined above. If the Court concurs a Prob Form 35 is attached for signature.

If the court desires more information or another course of action, please contact me at 801-535-2729.

I declare under penalty of perjury that the foregoing is true and correct.

by *Casey Hardy Franson*
U.S. Probation Administrative Assistant
November 22, 2021

Revised 12/17

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page __6__ of __7__

DEFENDANT: SCOTT BRIAN HAVEN
CASE NUMBER: DUTX1:19CR00060-001-CW

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 100.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
| **TOTALS** | $ 0.00 | $ 0.00 |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page 7 of 7

DEFENDANT: SCOTT BRIAN HAVEN
CASE NUMBER: DUTX1:19CR00060-001-CW

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑ Lump sum payment of $ 100.00 due immediately, balance due

   ☐ not later than _____ , or
   ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B  ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

Scott Brian Haven
446 East 1800 South
Kaysville, UT
84037

U.S. POSTAGE PAID
FCM LG ENV
KAYSVILLE, UT
84037
FEB 14, 23
AMOUNT
$1.74
R2304M112971-10

RDC 99

84114

United States District Court
450 South State Street
PO Box 1860
Salt Lake City, UT 84114-1860

**Third District Court**
Scott M. Matheson Courthouse
450 South State, PO Box 1860
Salt Lake City, UT  84114-1860

RETURN SERVICE REQUESTED

United States District Court
District of Utah
351 South West Temple
Salt Lake City UT 84101

